# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEANIE MULLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-89-M |
| ) | |
| LAURENCE CAMPION, an individual, ) | |
| and UNITED PARCEL SERVICE, INC., ) | |
| a Delaware Corporation, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is defendants Laurence Campion and United Parcel Service, Inc.'s, ("Defendants") Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer, filed March 8, 2010. Plaintiff has filed no response.

I.   Introduction

On August 14, 2009, Defendant Laurence Campion, acting within the scope of his employment with Defendant United Parcel Service, Inc., was driving a semi-tractor and trailer through Atoka County, located within the Eastern District of Oklahoma. While attempting to cross US Highway 69 near the town of Stringtown, Oklahoma, Defendant Campion's vehicle collided with Plaintiff's vehicle, resulting in injury to Plaintiff's person and property. Plaintiff filed the instant action in the United States District Court for the Western District of Oklahoma, alleging Defendant Campion's negligence in failing to drive properly. Defendants now move to dismiss Plaintiff's cause of action, asserting that venue is not proper in the Western District of Oklahoma.

II.  Discussion

Defendants move to dismiss this case for improper venue. Alternatively, Defendants move to transfer the case to the United States District Court for the Eastern District of Oklahoma.

Defendants assert that venue is improper in this district under 28 U.S.C. § 1391(a). Section 1391(a) provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Further, 28 U.S.C. § 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a).

Having carefully reviewed the Complaint, the Court finds that venue for Plaintiff's claim is improper within the Western District of Oklahoma. Specifically, the Court finds none of the events giving rise to Plaintiff's claim occurred within this district and none of the defendants reside in this district. Furthermore, there is another district in which the instant action can be brought. Nevertheless, rather than dismiss the action, the Court finds in the interest of justice that this case should be transferred to the United States District Court for the Eastern District of Oklahoma. The Eastern District of Oklahoma is the proper venue for Plaintiff's claim because all events giving rise to Plaintiff's claim occurred within that district. Furthermore, Plaintiff resides within the Eastern District of Oklahoma.

III.	Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer [docket no. 7] and TRANSFERS this case to the United States District Court for the Eastern District of Oklahoma.

**IT IS SO ORDERED this 20th day of July, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE